**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel D'Agostino, | No. CV-26-01225-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Circle K Stores Incorporated, | |
| Defendant. | |

On April 23, 2026, the Court issued an Order granting in part and denying in part Defendant Circle K's Motion to Dismiss. (Doc. 35). The Court dismissed two claims, but found that Plaintiff had plausibly pled (1) an intrusion upon seclusion claim under Arizona law, and (2) claims under the Telephone Consumer Protection Act ("TCPA"). Pending before the Court is Defendant's Motion for Reconsideration, wherein Defendant argues that the Court erred by denying Defendant's Motion to Dismiss Plaintiff's intrusion-upon-seclusion claim. (Doc. 41 at 1–2). Plaintiff filed a Response to the Motion for Reconsideration and Defendant filed a Reply in support of the reconsideration motion. (Docs. 43, 43). Because parties are not permitted to file responses or replies on a motion for reconsideration "unless ordered by the Court," LRCiv 7.2(g)(2), the Court declines to consider either filing.

## I.    BACKGROUND

Plaintiff Daniel D'Agostino alleges that between September 1, 2023 and February 5, 2026, Defendant sent Plaintiff 350 unsolicited marketing text messages to encourage

him to purchase goods and services from Circle K stores. (Doc. 1 at 6, ¶¶ 23–24). Plaintiff alleges that in doing so, Defendant intentionally and repeatedly intruded upon his "solitude, seclusion, and private affairs." (Doc. 1 at 22, ¶ 110).  Plaintiff claims that 146 of the 350 communications occurred "during hours of rest"—some between 4:11 a.m. and 5:30 a.m.—causing Plaintiff to suffer "severe physiological stress and systemic sleep deprivation." (Doc. 1 at 23, ¶ 112). Because Plaintiff alleged that (1) he received 349 unwanted text messages over (approximately) a 9-month period—averaging 1.2 text messages per day, and (2) 146 of those messages occurred before 8:00 a.m., the Court found that Plaintiff plausibly pled an intrusion upon seclusion claim. (Doc. 35 at 20). Defendant moves for reconsideration of this finding.

## II.    LEGAL STANDARD

"A motion for reconsideration is appropriate where the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Brown v. Brnovich*, No. CV-22-00166-PHX-JAT (MHB), 2022 WL 1239207, at *1 (D. Ariz. Apr. 27, 2022) (quoting *Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)) (internal quotations omitted). "Such motions should not be used for the purpose of asking a court to rethink what the court had already thought through – rightly or wrongly." *Id.* (quoting *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995)) (internal quotations omitted). A party's "mere disagreement" with a court's previous order is insufficient to support a motion for reconsideration. *Id.*

## III.    DISCUSSION

Defendant argues that the Court clearly erred by allowing Plaintiff's intrusion upon seclusion claim to survive dismissal. Defendant argues that by allowing the claim to proceed, the Court "impermissibly extended its analysis beyond Arizona law" because "there is no Arizona authority recognizing an intrusion upon seclusion claim *based on the conduct alleged* [in this case]." (Doc. 41 at 3) (emphasis added). Defendant further contends that the Court's reliance on Commend d of the Restatement (Second) of Torts

- 2 -

was misplaced because Comment d has not been adopted or incorporated by any Arizona Court. (Doc. 41 at 3). In Defendant's view, the Court effectively "create[ed] a new Arizona common law claim where none previously existed." (Doc. 41 at 5).

The Court did not "create" a new common law claim. Arizona courts recognize the tort of intrusion upon seclusion. *Hart v. Seven Resorts Inc.*, 947 P.2d 846, 853 (Ariz. Ct. App. 1997). Defendant's argument, in essence, is that Plaintiff's intrusion upon seclusion claim cannot survive because the exact same facts and conduct have not been addressed by an Arizona court. This reasoning is counter to how the American legal system generally words. Under this logic, a federal could never resolve a state-law claim unless the facts or conduct alleged in the case had been previously brought before/ruled on by a state court. In practice, however, cases necessarily contain different facts that may support the same cause of action. The mere fact that an Arizona court has not addressed this exact set of facts as they relate to an intrusion upon seclusion claim does not bar this Court from doing so.

And the Court committed no error in relying on Comment d of the Restatement of Torts to conclude that incessant, unwanted text messages could support an intrusion upon seclusion claim. The Arizona Supreme Court has held that "[i]n the absence of law to the contrary, Arizona follows the Restatement." *Webster v. Culbertson*, 761 P.2d 1063, 1066 (Ariz. 1988); *see also Reed v. Real Detective Pub. Co.*, 162 P.2d 133, 137 (Ariz. 1945) ("This court has adopted the rule that where not bound by its previous decisions or by legislative enactment, it would follow the Restatement of the Law."). Defendant fails to argue or identify any Arizona law that conflicts with Comment d of the Restatement of Torts. Accordingly, the Court assumes that Arizona courts would follow this portion of the Restatement.

Defendant also complains about the Court's citation to *Drazen v. Pinto*, 74 F.4th 1336, 1345 (11th Cir. 2023) and *Howard v. Republican Nat'l Comm.*, 164 F.4th 1119 (9th Cir. 2026). Defendant argues that because neither case explicitly held that receipt of unwanted text messages could support a state-law intrusion upon seclusion claim, the Court erred by referencing these cases in its analysis. (Doc. 41 at 4–5). The Court was and is

aware that those cases contemplated alleged violations of the TCPA and did not explicitly consider claims brought under the common law tort of intrusion upon seclusion. However, the Court found *Drazen* and *Howard* instructive because they discuss the relationship between those two claims. *Drazen*, 74 F.4th at 1345 (holding that the receipt of an unwanted text message causes a concrete injury for standing purposes because "the harm associated with an unwanted text message shares a close relationship with the harm underlying the tort of intrusion upon seclusion"); *Howard*, 154 F.4th at 1124 (observing that auto-dialed text messages "typically produce the particular type of intrusion on privacy at which the [TCPA] is aimed, which is an intrusion upon 'seclusion'").

Because Defendant's arguments are meritless, unfounded, and merely ask the Court to rethink its prior decision, the Motion for Reconsideration will be denied. *Brown*, 2022 WL 1239207, at *1.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Reconsideration (Doc. 41) is **denied**.

Dated this 2nd day of June, 2026.

James A. Teilborg
Senior United States District Judge

- 4 -