**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel D'Agostino, | No. CV-26-01225-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Circle K Stores Incorporated, | |
| Defendant. | |

Plaintiff Daniel D'Agostino alleges that Defendant Circle K violated the Telephone Consumer Protection Act ("TCPA") by sending Plaintiff 350 unsolicited marketing text messages to encourage him to purchase goods and services from Circle K stores. Circle K claims that Plaintiff made numerous purchases at Circle K stores and entered his phone number in the system during each transaction, thus prompting the text messages forming the basis of Plaintiff's TCPA claims. Circle K alleges that all of Plaintiff's purchases at Circle K stores were made with three different credit cards. In an effort to definitively tie the transactions to Plaintiff, Circle K subpoenaed U.S. Bank and Wells Fargo Bank to produce "all Documents and Communications" concerning the account holder of the three different credit cards.

Plaintiff moved to quash the Bank Subpoenas, arguing that the requests were overbroad and did not allow U.S. Bank and Wells Fargo Bank an appropriate amount of time to comply with the request. (Doc. 48 at 5–7). The Court denied this request, finding that Plaintiff lacked standing to challenge the bank subpoenas because Plaintiff's filings

were ambiguous as to whether the information sought from the Bank Subpoenas related to *his* personal financial information (and whether he was in fact the cardholder/account owner of the three credit cards at issue). (Doc. 59 at 5).

Plaintiff moves for reconsideration of the denial of the motion to quash the Bank Subpoenas, and now affirmatively attests that the two credit cards identified in the U.S. Bank subpoena are Plaintiff's personal debit cards. (Doc. 61 at 1–2). He also claims that the credit card identified in the Wells Fargo subpoena is not his credit card and that he "seeks no relief" as to that subpoena. (Doc. 61 at 2).

The Court has reviewed the parties' meet-and-confer communications related to the Bank Subpoenas. In those communications, Plaintiff asked Circle K to withdraw the bank subpoenas and defense counsel responded that Circle K could not consent to withdrawing the subpoenas "short of confirmation from [Plaintiff] that the cards belong to [Plaintiff]." (Doc. 48-4 at 3). Defense counsel explicitly noted that he needed confirmation of Plaintiff's ownership over the cards before "[defense counsel] may withdraw the subpoenas." (Doc. 48-4 at 3). In response, Plaintiff stated that "the parties' . . . meet and confer process ha[d] reached its natural conclusion" and refused to confirm cardholder ownership for any of the credit cards at issue in the Bank Subpoenas. (Doc. 48-4 at 2). He then moved to quash the subpoenas. (Doc. 48).

It appears that Circle K was formerly willing to withdraw the Bank Subpoenas if Plaintiff affirmed that the cards belonged to him. Plaintiff has now confirmed that two of the cards are his and that he does not challenge the Wells Fargo Bank subpoena. Because Plaintiff has clarified that he "seeks no relief as to the Wells Fargo subpoena," Plaintiff's Motion for Reconsideration of the Court's denial of the Motion to Quash (as to the Wells Fargo subpoena) is denied as moot. It is unclear whether the U.S. Bank subpoena is still necessary considering Plaintiff's concessions regarding his card ownership and defense counsel's meet-and-confer statements.

Accordingly.

**IT IS ORDERED** that the parties must meet and confer again and file a status report

by Friday, June 12, 2026 advising the Court if Plaintiff's Motion for Reconsideration (Doc. 61) of the Court's order denying the Motion to Quash (as to the U.S. Bank subpoena) is now moot based on Plaintiff's concessions.

Dated this 11th day of June, 2026.

James A. Teilborg
Senior United States District Judge