WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel D'Agostino, | No. CV-26-01225-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Circle K Stores Incorporated, | |
| Defendant. | |

Pending before the Court is the parties' discovery dispute. (Doc. 76). The Court cannot rule on the discovery dispute as presented.

First, the majority of the parties briefing is dedicated to their inability to meet and confer (or agree whether they have met and conferred) and their inability to file a joint brief. (Docs. 77, 79). Thus, the Court has not been presented with the substance of the parties' arguments. Second, in addition to the foregoing problems, the way Plaintiff has presented his requests is too truncated and confusing for the Court to easily understand.

As far as the Court can tell, Plaintiff disputes Defendant's objections to Plaintiff's interrogatories Nos. 1–17 and 19–22. Plaintiff's proposed form of Order has paragraphs that are not dedicated to one of these specific interrogatories; nonetheless, the Court believes the responses to these interrogatories are all that is at issue. The Court will require the parties to re-file these disputes as specified below.

The Court will offer the following guidance. First, Defendant is reminded that it

must respond to interrogatories within 30 days.[1]  Second, Defendant is reminded of its duty to produce a privilege log, if applicable.  Third, Defendant is reminded that the Court will not entertain general objections.  Thus, if Defendant seeks to make a "overly broad" objection, for example, Defendant must detail why a particular request is overly broad.

Fourth, both parties are reminded that the Court requires the parties to speak to each other by telephone or in person to satisfy the meet and confer requirement. (*See* Doc. 69 at 3).  Plaintiff references the parties exchanging 39 emails.  Perhaps this exchange was only in furtherance of preparing the failed-joint-motion.  But to be clear, no written exchanges "count" as a meet and confer.  Both parties are further reminded that they must engage in the meet and confer process in good faith.

Fifth, Plaintiff is cautioned that a proposed form of order is not an opportunity to make eleven pages of additional arguments.  The Court will not consider arguments made in the proposed form of order.  For example, Plaintiff seeks several forms of sanctions in the proposed form of order (Doc. 76-1), without moving for them in the actual motion (Doc. 76).  The Court will not consider requests not found in the motion itself.

Sixth, Plaintiff is cautioned that both his interrogatory, and his explanation for the need for particular materials, must be readily understandable.  For example, Plaintiff asks the Court to Order Defendant to: "No. 7: identify each test, experiment, pilot, or optimization concerning message copy, opt-out language or keywords, opt-in language or keywords, send times, send frequency, triggering events, or enrollment flow — or state under oath, as to each category, that none occurred — including for each the dates, variants compared, metrics measured, results, and decisions made." (Doc. 76-1 at 5).  The Court will not Order something this unclear.  Plaintiff does not identify what he means by "each of the dates" or "variants" or "metrics" or "results."  And "decisions made" under this list of unidentified terms could be in the hundreds.  Moreover, these examples are in the last thirteen words of a 53–word interrogatory.  As another Judge in this district has explained:

> Turning to his interrogatories, [Plaintiff] Complot has drafted

---

[1] There is no dispute that Defendant timely objected.  However, Plaintiff complains that Defendant has promised further responses that have not been forthcoming.  (Doc. 76 at 2).

interrogatories that are exceptionally difficult to understand and often lapse into incoherence. For example, Interrogatory 7 asks [Defendant] Mission Lane to state whether it "contends that the written communication shown in Exhibit 3 did not accompany the same-dated USPS money order." But the interrogatory then continues with "For each such contention, identify the exhibit, tender date, each reason for the contention and each fact, document, remittance record, payment-processing record, account note, system record, communication, or witness Mission Lane relies on." (Doc. 21 at 6.) So Complot seems to be asking if a particular document accompanied a "USPS money order." But he then asks for additional information "[f]or each such contention," including the reason for that contention and every "fact" Mission Lane relies on. Because it is not clear what Complot is seeking, the interrogatory is improper. And even if the interrogatory might become clear upon hours of study, Mission Lane is not required to spend those hours attempting to parse Complot's discovery requests to determine what he is seeking.

...

"[I]t is not the province of the Court to rewrite discovery requests that seek irrelevant information, are overbroad, or are otherwise improper." *Excel Fortress Ltd. v. Wilhelm*, No. CV-17-04297-PHX-DWL, 2018 WL 6067255, at *2 (D. Ariz. Nov. 20, 2018). The court therefore refuses to comb through all of Complot's discovery requests to narrow or redraft them such that Mission Lane can provide responsive information. Complot will be given a final opportunity to narrow all of his discovery requests such that they are legally permissible and seek only information needed to prove his claims. If Complot chooses not to narrow his requests, all of Mission Lane's objections will be accepted and it will not be required to provide further responses.

*Complot v. Mission Lane LLC*, CV 26-1623-PHX-KML at 2-3 (D. Ariz. July 9, 2026).

Thus, Plaintiff must use readily understandable language, or the Court will not consider his interrogatories.

In light of the foregoing, and to facilitate the Court ruling on the parties' discovery dispute,

**IT IS ORDERED** denying the motion at Doc. 76 without prejudice.

**IT IS FURTHER ORDERED** that Defendant must supplement its discovery responses with information Defendant has agreed to produce and produce a privilege log (if necessary) within 21 days of this Order.

**IT IS FURTHER ORDERED** that 28 days after the issuance of this Order, the parties shall jointly file separate discovery dispute motions for each interrogatory still in dispute. Each motion must be captioned: "Plaintiff's motion to compel response to interrogatory [insert interrogatory number]." A copy of the interrogatory at issue, and

Defendant's response thereto, must be attached to each motion.[2]  As stated, each motion must be joint. The caption and the signature lines will each be on their own pages, with NO text on either of these pages.  Each party shall have 2 pages to present their respective arguments within the motion (thus, each motion will be 6 pages or less).[3]  Neither party may incorporate arguments from other motions or filings; in other words, each motion to compel must stand on its own without reference to, or the necessity of reading, any other filing in this case.

Dated this 5th day of August, 2026.

James A. Teilborg
Senior United States District Judge

---

[2]  ONLY the relevant interrogatory and response may be attached – not an entire packet of interrogatories and responses.

[3] While the Court would prefer an integrated filing, each party my independently use their respective 2 pages if they cannot work together.  If the parties cannot accomplish a joint filing, they shall both be required to show cause why they should not be sanctioned.

- 4 -