**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Daniel D'Agostino,

Plaintiff,

v.

Circle K Stores Incorporated,

Defendant.

No. CV-26-01225-PHX-JAT

**ORDER**

Pending before the Court is Plaintiff's Motion for Issuance of Third Party Subpoenas to three different entities. (Doc. 74).

"General Order 18-19 sets forth the procedural requirements for pro se litigants who wish to serve subpoenas." *Patton v. Ash*, No. CV-19-00209-TUC-RM, 2020 WL 8834782, at *1 (D. Ariz. June 30, 2020). "Under General Order 18-19, pro se litigants are required to file a motion that (1) is in writing, (2) attaches a copy of the proposed subpoena, (3) sets forth the name and address of the witness to be subpoenaed and the custodian and general nature of any documents requested, and (4) states with particularity the reasons for seeking the testimony and documents." *Dennison v. Ryan*, No. CV-18-04539-PHX-SPL, 2022 WL 2665926, at *2 (D. Ariz. July 11, 2022); *see also* General Order 18-19 of the United States District Court for the District of Arizona. The General Order provides that "[t]he assigned judge shall determine whether the requested subpoena shall issue." Gen. Order 18-19. "In granting a motion for a subpoena, the Court addresses only whether Plaintiff has met the procedural requirements provided by General Order 18-19." *Doan v. City of Phoenix*, No.

CV-25-01995-PHX-JJT, 2025 WL 2937062, at *1 (D. Ariz. Aug. 18, 2025) (internal quotations and citation omitted). "Thus, a motion to compel (or, conversely, a motion to quash) is not appropriate until the subpoena has been served and a dispute has arisen regarding its propriety." *Id.*; *see also Dennison*, 2022 WL 2665926, at *3 (declining to address defendant's challenges to plaintiff's motion because a motion for issuance of subpoenas by a pro se litigant "does not present the proper avenue" for arguments regarding the evidentiary admissibility of the subpoenaed witnesses); *Melendez v. Ansari*, No. CV-19-8293-PCT-JJT (DMF) (D. Ariz. Sept. 1, 2020), ECF No. 24 at 1 ("Federal Rule of Civil Procedure 45(a)(3) states that '[t]he Clerk must issue a subpoena . . . to a party who requests it.' Whether or not the requested items are relevant is germane to whether the subpoena should be quashed, not whether it should be issued. The Court will therefore grant Plaintiff's request but expresses no opinion about whether the subpoenas would be subject to motions to quash."); Gen. Order 18-19 ("Issuance of the subpoena shall not preclude any witness or person subpoenaed, or other interested party, from contesting the subpoena.").

The Court finds that Plaintiff has satisfied the procedural requirements of General Order 18-19. The Motion is in writing and Plaintiff attached copies of the three proposed subpoenas. (Doc. 74; Docs. 74-1, 74-2, and 74-3). The Motion set forth the names and addresses of the three business entities Plaintiff seeks documents from and states the general nature of the documents requested from each entity. (Doc. 74 at 5–6). Plaintiff also states with particularity six reasons for seeking the requested documents. (Doc. 74 at 6–8). In this case, Plaintiff meets the requirements of General Order 18-19 and the Court will grant Plaintiff's motion. However, the Court expresses no opinion about whether the subpoenas would be subject to motions to quash. In granting Plaintiff's Motion, the Court warns Plaintiff that he has a duty "to take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and that the Court must enforce this duty and impose appropriate sanctions on parties who fail to comply. Fed. R. Civ. P. 45(d)(1).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Issuance of Third Party Subpoenas (Doc. 74) is **granted**.

Dated this 7th day of August, 2026.

James A. Teilborg
Senior United States District Judge